In re James W. FRANKLIN, Debtor.

No. 11–98–10968 MA.

United States Bankruptcy Court, D. New Mexico.

Oct. 8, 2002.

---

Louis Puccini, Jr., Shay Meagle, Albuquerque, NM, for James W. Franklin.

Steven Tal Young, Albuquerque, NM, for Coralie McGuire.

## MEMORANDUM OPINION

MARK B. McFEELEY, Chief Judge.

THIS MATTER came before the Court on James W. Franklin's, Motion for Salary, or Alternatively, Payment of Post Petition Medical Expenses. At issue is whether the debtor-in-possession, James W. Franklin (hereinafter, "Franklin") has performed sufficient services on behalf of the estate so that he may claim administrative expenses in the form of wages or alternatively, medical reimbursement pursuant to 11 U.S.C. 503(b)(1)(A).[1]

## FACTS AND PROCEDURAL HISTORY

1.  Franklin is a contractor and has more than forty years of experience in the building and construction industry.

2.  Franklin filed a voluntary petition under chapter 11 of the Bankruptcy Code on February 18, 1998.

3.  When Franklin filed, he owned four pieces of property in New Mexico and Colorado. Currently, all but one of those properties have been sold. The remaining property is being marketed. The only other significant asset of the estate is a claim of approximately $3,000,000.00 against Sunway PMI Pile ("Sunway") under a licensing contract.

---

1.  All future statutory references will be to Title 11 of the United States Code unless otherwise noted.

Franklin hired special counsel, Oliver Wright, to pursue the estate's interest against Sunway.

4. The Sunway claim originated in Malaysia and is being pursued there.

5. Franklin currently resides in the Philippines.

6. Since Franklin filed the petition, his estate has had no significant business activity.

7. Franklin participated in the drafting and filing of the schedules.

8. Franklin has diabetes, a chronic medical condition for which he requires ongoing treatment.

## DISCUSSION

■■■ Franklin asks for wages or medical reimbursement under § 503(b)(1)(A). Post-petition wages and the actual, necessary costs of preserving an estate may be claimed as administrative expenses under § 503(b)(1)(A) which provides:

(b) After notice and a hearing, there shall be allowed administrative expenses . . . including—

(1)(A) the actual, necessary costs and expenses of preserving the estate including wages, salaries, or commissions for services rendered after the commencement of the case.

11 U.S.C. § 503(b)(1)(A). Only those debts that arise after the filing of a bankruptcy may have administrative expense priority. *United Trucking Serv., Inc. v. Trailer Rental Co. (In re United Trucking Serv.)*, 851 F.2d 159, 161 (6th Cir.1988). Administrative expenses allowed under § 503(b) are given first priority pursuant to § 507(a)(1) and § 726(a)(1).[2] The policy behind giving first priority to administrative expenses is to encourage creditors to continue to extend credit when supplying debtors with goods and services post-petition and thus, help debtors reorganize. *Bachman v. Commercial Fin. Servs. (In re Commercial Fin. Servs., Inc.)*, 246 F.3d 1291, 1292 (10th Cir.2001). Presumably, pre-petition creditors benefit from the priority accorded these post-petition creditors because the pre-petition creditors are likely to see greater gain from a reorganized debtor than from one forced into liquidation. *Id.* However, any such priorities are strictly construed "[b]ecause the presumption in bankruptcy cases is that the debtor's limited resources will be equally distributed among his creditors." *Id.* (quoting *Isaac v. Temex Energy, Inc. (In re Amarex, Inc.)*, 853 F.2d 1526, 1530 (10th Cir.1988)); *see also Otte v. United States*, 419 U.S. 43, 95 S.Ct. 247, 42 L.Ed.2d 212. 53 (1974) (Section 503 priorities should be narrowly construed). The party claiming that an expense has administrative priority has the burden of proving it. *Amarex*, 853 F.2d at 1530.

■■■ Franklin argues that he is entitled to a salary for his post-petition work. Franklin contends that he is due a salary for the services he has provided to the estate in preparing schedules, ascertaining the validity of various creditor claims, and

2. Section 507(a)(1) provides:
   (a) The following expenses and claims have priority in the following order:
      (1) First, administrative expenses allowed under section 503(b) of this title. . . .
   11 U.S.C. § 503(a)(1).
      Section 726(a)(1) provides:
   (a) Except as provided in section 510 of this title, property of the estate shall be distributed—

   (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which it timely filed under section 501 of this title, or tardily filed before the date on which the trustee commences distribution under this section. . . .
   11 U.S.C. § 726(a)(1).

assisting in the litigation against Sunway both now and in the future. While § 503(b)(1)(A) clearly states that wages or salaries paid for services rendered to the estate after the commencement of the case fall within its ambit, Franklin has made no showing that he had provided any services as contemplated by this section.

First, the services that Franklin argues entitle him to a salary pursuant to § 503(b)(1)(A) are not services for which a debtor receives compensation from his estate. Such services are the fiduciary duty of every debtor who files under the Bankruptcy Code. Section 521 delineates a debtor's duties under the code. Specifically, pursuant to this statute, a debtor is required to file schedules and statements, § 521(1),[3] and, if a trustee is appointed to the case, to assist the trustee as necessary, 11 U.S.C. § 521(3).[4] No code provision authorizes a salary for these services nor has Franklin provided any other statutory or case law authority that would mandate a salary for these fiduciary obligations.

Second, there has been no virtually no business activity by the estate since the filing of the bankruptcy petition.[5] Additionally, Franklin has offered no evidence

that he has contributed anything to what little activity there has been. More important, there has been no evidence that any business activity performed by Franklin was necessary to the preservation of the estate. A claim for a salary for unestablished services to a nonoperating business cannot survive the strict scrutiny given to claimed administrative expenses.

Finally, Franklin argues that he should receive a salary now for services that he may provide in the future to the special counsel who is pursuing the Sunway litigation. There is no authority in the Code or in case law that would permit payment of salary on the basis that services might or probably will be needed by the estate in the future. Franklin's claim for a salary as an administrative expense fails.

■ Alternatively, Franklin asks for reimbursement from the estate for his medical expenses. He bases this claim on the argument that his health is necessary to the preservation of the estate as he is a key witness in the litigation against Sunway. Section 503(b)(1)(A) does not limit administrative claims to wages. By using the word "including" the Code indicates

---

3. This section delineates a debtor's duties, providing in pertinent part:

    The debtor shall—
    (1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs.
    11 U.S.C. § 521(1).

4. Section 1106(a)(1) outlines a trustee's duties. Of relevance here is that it makes § 704(5) applicable to Chapter 11 cases and requires a trustee to examine and object to proof of claims. Section 521(3) provides as follows:

    (3) if a trustee is serving in the case, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title.

11 U.S.C. § 521(3). Thus, pursuant to § 521(3), a debtor is statutorily required to assist the trustee in the work for which Franklin claims a salary.

5. In his brief, Franklin asserts that he personally negotiated a Real Estate Contract ("Contract") with Chava Trucking. He makes the following claims: the Contract has brought in "tens of thousands of dollars into the estate"; the Contract will continue to bring in funds on a monthly basis; and the Contract will result in a lump sum payment of approximately $40,000.00 into the estate within the next year. However, Franklin did not introduce any evidence of this Contract at the hearing. His unsupported statement that this Contract constituted work for which he should be compensated does not satisfy his burden of proof on this issue.

that wages are only one form of compensation contemplated by the statute. In *Amarex*, the Tenth Circuit adopted the test articulated by the First Circuit in *Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.)*, 536 F.2d 950, 954 (1st Cir.1976) for determining whether claimed actual and necessary expenses should have administrative priority. *Amarex*, 853 F.2d at 1531; *see also Commercial Fin. Servs.*, 246 F.3d at 1294 (explaining that *Amarex* "sets out this circuit's definitive procedure for determining all administrative expense claims...."). To receive priority as an administrative expense, the expense must fulfill both of the following prongs: 1) the expense must arise out of a transaction between the creditor and either the trustee or the debtor-in-possession; and 2) the consideration supporting the creditor's right to payment must be both supplied to and beneficial to the debtor-in-possession in the operation of the business (hereinafter, "benefit to the estate test"). *Amarex*, 853 F.2d at 1530; *Commercial Fin. Serv.*, 246 F.3d at 1294–95. Franklin's claims for a medical reimbursement do not meet the requirements of this test.

Franklin's claim fails at the first prong of the test because his medical expense claim is not the result of a transaction between a creditor and the debtor-in-possession or trustee. Franklin is both the debtor-in-possession and the claimant. No transaction between him and the estate gave rise to the debt. Rather, the debt is a personal debt outside of the estate.

The claim also fails at the second prong of the test. The claim does not directly benefit the estate. As expressed in the test, the claim must directly benefit the debtor-in-possession in the operation of his business. Franklin has made no showing that reimbursing the medical expenses will have any benefit on the operation of the business. While the claim arguably provides an indirect benefit to the estate by maintaining the health of a potential witness, the statute requires a direct benefit of the estate. This court must abide by plain, statutory language. "[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240–41, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Absent any showing by a creditor of a direct benefit to the estate, the claim must fail.

■■■■ Finally, Franklin urges this Court to allow his claim under the equitable powers granted it under § 105(a).[6] A court may use its equitable powers to protect the debtor's estate or implement important policies behind the bankruptcy code. *See In re Unioil*, 948 F.2d 678 (10th Cir.1991). Nonetheless, the equitable powers granted in § 105(a) do not give the courts the right to create substantive rights unavailable under applicable law. *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir.1986). However, some such equitable exceptions to the rule set forth in § 503(b)(1)(A) have been recognized. In interpreting the former Bankruptcy Act in *Reading Co. v. Brown*, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968), the Supreme Court carved out an exception for recovery of postpetition negligence claims

---

6. Section 105(a) provides:
   The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
   11 U.S.C. § 105(a).

as an administrative expense; in *United Trucking Serv.*, the Sixth Circuit fashioned an exception for unjust enrichment.

In *Reading*, a receiver was appointed to operate a debtor's business. *Reading*, 391 U.S. at 473, 88 S.Ct. 1759. The debtor's only significant asset was an industrial building. *Id.* Because of the receiver's negligence, the building was destroyed by fire. *Id.* The fire also destroyed other properties. *Id.* Approximately 147 administrative claims, resulting from the fire and totaling about $3,500,000.00, were filed in the debtor's chapter 11 case. *Id.* The Court held that these creditors' post-petition negligence claims against a bankruptcy receiver were proper administrative expenses of the estate, even though the estate received no substantial benefit. The Court reasoned that post-petition creditors continue to deal with a failing business in the hope that the business will recover and that each creditor will, ultimately, benefit. *Id.* at 478, 88 S.Ct. 1759. However, post-petition tort creditors have no opportunity to make that kind of risk assessment. *Id.* The Court concluded that those who are injured by the post-petition operation of a business possess claims that are costs incident to the operation of the business and as such are "actual, necessary costs." *Id.* at 482, 88 S.Ct. 1759. The Court concluded that, as mandated by the statute, all actual, necessary costs associated with the post-petition operation of the debtor's business must be compensated before the claims of the creditors for whose benefit the business continued. *Id.* at 483–84, 88 S.Ct. 1759.

In *United Trucking Serv.*, the Sixth Circuit held that there was an "unjust enrichment" exception to the general rule. In *United*, the Trailer Rental Company ("TRC"), Debtor/Lessee, had a contract with United Trucking Services, Inc ("United") for the rental of fifty-four trailers.

*United*, 851 F.2d at 160. When, after filing under Chapter 11 of the Bankruptcy Code, TRC failed to assume the lease, the lease was automatically rejected as required under the Bankruptcy Code. *Id.* at 160–61. The trailers were returned to United in disrepair. *Id.* at 161. United filed an administrative expense claim for approximately $72,010.00 for the damage to the trailers. *Id.* The Sixth Circuit found that priority expense under § 503 "should reflect actual value conferred on the bankruptcy estate by reason of wrongful" conduct by the debtor. *Id.* at 162. The Sixth Circuit reasoned that when the estate failed to use funds to maintain and repair the trailers in accord with the lease obligation it had received actual value in the use of those funds and so had been unjustly enriched. *Id.*

■ Although equitable concerns brace the results in *Reading* and *United Trucking Serv.*, ultimately, in both cases the courts found that the administrative expenses claimed were either a incident of or an actual value to the post-petition operation of the estate and the exceptions furthered important bankruptcy policies. Notably, in both cases, the courts emphasized the extraordinary circumstances that compelled their findings. Here, Franklin has made no claim that his medical expenses are either directly related to the operation of the estate or have provided value to the estate. In fact, he cannot make such a claim because his medical expenses are personal expenses outside of the estate. As previously observed, a bankruptcy court cannot create substantive rights beyond the parameters of the Bankruptcy Code. Therefore, Franklin's administrative expense claim for his medical expenses must fail.

## CONCLUSION

For the foregoing reasons, the Court denies Franklin's Motion for Salary, or

Alternatively, Payment of Post–Petition Medical Expenses. This opinion constitutes the Court's findings of facts and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. An appropriate order will be entered.